UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


MICHAEL ANDREW TUCK                                    CIVIL ACTION

VERSUS                                                 NO: 25-02085

BRYAN FLEETWOOD                                        SECTION: T (4)


**ORDER AND REASONS**

Plaintiff Michael Andrew Tucker has brought this action under 42 U.S.C. § 1983 against Deputy Bryan Fleetwood alleging that he was wrongly arrested and placed in jail for nine days. R. Doc. 1. Before the Court is Defendant Fleetwood's Motion to Dismiss pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). R. Doc. 6. Plaintiff Tucker has filed a response. R. Doc. 7. For the reasons set forth below, the Motion to Dismiss is granted.

**BACKGROUND**

Essentially, Plaintiff alleges in his Complaint that on or about October 14, 2024, in St. Bernard Parish, Louisiana, he was stopped by Deputy Fleetwood, who "accused [him] of driving under the influence (DUI) without probable cause and fabricated evidence leading to [his] arrest." R. Doc. 1. He claims he was jailed for nine days as a result of this arrest. *Id.* Plaintiff alleges that, "[w]hile in custody [he] was subjected to unconstitutional treatment and unlawful imprisonment." *Id.* He further alleges that, "[a]s a direct result of defendants actions, Plaintiff suffered loss of liberty, emotional distress, reputational, harm, and other damage." *Id.*

Defendant has filed this Motion to Dismiss for failure to state a claim asserting that none

1

of these allegations constitutes a well-pleaded fact which, if considered true, would entitle Plaintiff to relief under the law, and that these allegations are simply legal conclusions. R. Doc. 6-1, p. 1. Plaintiff has responded essentially requesting that he be given an opportunity to amend his pleading to provide sufficient facts to support his claim. R. Doc. 7.

**LAW and ANALYSIS**

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to seek dismissal of a complaint based on the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).

In evaluating a complaint under Rule 12(b)(6), the district court should confine itself to the pleadings, *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004), and the documents attached to the complaint, *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). However, the court "may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims." *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014).

The court's review must "take the well-pled factual allegations of the complaint as true and

2

view them in the light most favorable to the plaintiff." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). A complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action. Iqbal, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Additionally, courts may not rely on "legal conclusions that are disguised as factual allegations." *Jeanmarie v. United States*, 242 F.3d 600, 603 (5th Cir. 2001) (citing *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)). If factual allegations are insufficient to raise a right to relief above the speculative level, the claim should be dismissed. *Twombly*, 550 U.S. at 555.

Here Plaintiff is proceeding pro se. With regard to a Rule 12(b)(6) motion, a court will treat the non-moving party's factual allegations as true. *Robinson v. American Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009). However, a court is not required to accept a party's legal conclusions. *Id.* Although a pro se complaint should be evaluated liberally, this allowance does not excuse a pro se litigant from the requirement to state a "plausible" claim, as required by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *Giarratano v. Johnson*, 521 F.3d 298, n. 5 (4th Cir. 2008).

Section 1983 creates a damages remedy for the violation of federal constitutional or statutory rights under color of state law:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any . . . person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

"The purpose of § 1983 is to deter state actors from using their badge of authority to deprive individuals of federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citing *Carey v. Piphus*, 435 U.S. 247, 254-57 (1978)). A plaintiff must satisfy three elements to establish § 1983 liability:

> (1) deprivation of a right secured by the U.S. Constitution or federal law;
> (2) that occurred under color of state law; and
> (3) was caused by a state actor.

*Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004) (citation omitted).

"The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); *accord Thibodeaux v. Bordelon*, 740 F.2d 329, 333 (5th Cir. 1984). Because § 1983 merely provides a remedy for designated rights, rather than creating any substantive rights, "an underlying constitutional or statutory violation is a predicate to liability." *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997) (citation omitted). This requires the plaintiff to identify both the constitutional violation and the responsible person acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978).

Defendant argues that the allegations in Plaintiff's complaint do not contain facts which support the alleged violations, noting that "conclusory allegations are insufficient to state a claim

4

that the defendants affirmatively participated in conduct causing a constitutional violation." R. Doc. 6-1, p. 4 (quoting *Damond v. City of Rayville*, 127 F.4th 935, 939 (5th Cir. 2025)). Here, Defendant argues, Plaintiff does not specify the conduct in which Deputy Fleetwood engaged, other than vague allegations that he was wronged and detained without probable cause. *Id.* Defendant points out that Plaintiff fails to allege that he was *not* under the influence at the time of his arrest. *Id.* Plaintiff in his response argues that he has asserted facts to support his claim, but alternatively requests that he be given an opportunity to amend his Complaint to plead more facts to clarify his claims. R. Doc. 7, p. 2.

The Court is not convinced from his response that Plaintiff can muster any facts that would support his claim or overcome a defense of qualified immunity. Plaintiff's claims are merely general and conclusory accusations. Nevertheless, the Court will allow Plaintiff the opportunity to amend his Complaint.

**IT IS ORDERED** that the Motion to Dismiss is GRANTED. Plaintiff is granted leave to amend the Complaint. If Plaintiff wishes to file an Amended Complaint, he must do so no later than July 28, 2026. Failure to file an Amended Complaint by this date will result in the dismissal of the case with prejudice.

New Orleans, Louisiana, this 8th day of July 2026.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE

5